ORDER DISMISSING APPEAL
JANE M. SMITH, Chief Justice.
This matter comes before the Court of Appeals pursuant to the Notice of Appeal filed by M.J.C. on June 11, 2013.[1] M.J.C. seeks to appeal the Findings, Opinion and Order Affirming Disciplinary Action *230 (hereinafter “Order”) issued by the Employment Court on May 28, 2013.[2] The Deputy Court Clerk has certified that the Employment Court Order was served on M.J.C. on May 28, 2013 in compliance with TTC 9.10.950(H).[3]
The Tulalip Tribes’ Constitution, Article YJ, Section l.K grants the Tulalip Board of Directors the power to define the duties and powers of the Tribal Court and this Court of Appeals. Appeal deadlines duly enacted by a legislative body with authority over court rales and procedures are jurisdictional in nature. Browder v. Director, Dept. of Corrections of Illinois, 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978); Dodge v. Hoopa Valley Gaming Commission, 7 NICS App. 51, 56 (Hoopa Valley Tribal Ct.App.2005). The Board of Directors has established that an appeal of a Tulalip Employment Court decision must be filed “within 10 calendar days from the date of final decision of the Employment Court.” TTC 9.10.950(12). This Court therefore has no jurisdiction, absent a defect in service of the Employment Court decision, to hear an appeal of an Employment Court filed more than ten calendar days from the date of the final decision. Because M.J.C.’s Notice of Appeal in this case was filed fourteen days from the date of final decision of the Employment Court, this Court has no jurisdiction to hear the appeal.[4] Accordingly, this appeal is hereby dismissed.
It is so ordered.

. In her appeal to the Employment Court, M.J.C. designated the appellee to be the Tulal-ip Tribes. See Notice of Appeal and Request for Appeal Hearing, April 1, 2013. For unknown reasons, the Employment Court appears to have designated the appellee as Tu-lalip Tribes Human Resources. See Notice of Employment Appeal Hearing, April 4, 2013. The disciplinary action being appealed by M.J.C. was issued by the Tulalip Tribes Early Head Start program. See Employee Suspension Notice, 3/18/13. Therefore, the appellee is actually the Tulalip Tribes Early Head Start program. This distinction and the proper designation of parties is significant because, among other things, of this Court's prior rulings regarding Tribal bar membership requirements for persons representing Tulalip Tribal entities. Regardless of how a plaintiff or employee-appellant, particularly one appearing pro se, designates the parties, it is incumbent upon the Tribe and the Tribal entities involved to either correct or challenge an improper designation of the parties. It is also *230 incumbent upon court staff to take care in preparing the captions of court orders and pleadings so as to not identify an entity that is not a proper party to the proceedings. This Court notes that, to its credit, the Office of Reservation Attorney, in the April 30, 2013 Ex Parte Motion for Continuance it filed in this matter, designated the Tulalip Tribes, not the Human Resources Department, as the Respondent and correctly noted that the Early Head Start supervisor was the “department representative," and that Human Resources staff would appear as a “witness.”

.A modified version of the Employment Court order was re-filed in the Court records on May 30, 2013. The sole modification of the order was that the full names of the employees were deleted and the employees were identified only by their initials, in an apparent effort to comply with TTC 9.10.950(13). This Court notes that TTC 9.10.950 requires only that the "employee appellant,” not all the employees named in an order or opinion, be identified solely by their initials.

. The Deputy Court Clerk has informed the Court of Appeals that the modified version of the Employment Court Order filed on May 30, 2013 was not served on Appellant. Because the modifications to the Order were purely ministerial in nature, this Court holds that the filing of the modified version in no way affected the trigger of the appeal deadline. Service of the May 28 Version of the Order provided M.J.C. with actual notice that the Employment Court had affirmed the disciplinary action against M.J.C., as well as the factual findings, legal conclusions, and full text of the Court's Order.

. Even if the Employment Court had served M.J.C. with the modified version of the Employment Court’s Order and this Court based the appeal filing deadline on the May 30 date of filing of that version, M.J.C.'s Notice of Appeal to this Court would still be untimely.